CASE 16—WARRANT, CITY COURT—OCTOBER 6.

# Flynn  &  Atkinson vs. Commonwealth.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

A city court having jurisdiction of all misdemeanors occurring in the city,
when the punishment does not exceed a fine of five hundred dollars
or imprisonment for one year, or both, has no jurisdiction to try per-
sons charged with setting up a faro bank, gaming tables, &c., in such
city, the punishment for which is a fine of five hundred dollars or
imprisonment for not more than one year, and disqualification to exer-
cise the right of suffrage and from holding any office of honor, trust,
or profit. (*Revised Statutes, chapter* 42, *section* 6.) The jurisdiction
is not determined in such a case by the judgment, *but by the judgment
which might have been rendered by a court having jurisdiction.* Whether
a person charged with the offense of setting up a *faro bank*, gaming
tables, &c., can be tried without an indictment, is not decided.

L. D. HUSBANDS,                          For Appellants,

CITED—

1 *Rev. Stat.*, 563, *chap.* 42, *sec.* 6.
*Acts* 1863–4, 493, *secs.* 5 *and* 7.

Constitution of Kentucky, art. 13, sec. 12.
Constitution of Kentucky, art. 10, secs. 10 and 11.
4 Blackstone, 5, 308.
1 Bouvier's Inst., 72.
3 Mars., 465 ; Olds vs. Commonwealth.
3 Littell, 196 ; Harrison vs. Chiles.
Criminal Code, secs. 299, 300.

JOHN M. HARLAN, Attorney General,          For Appellee,
                    CITED—
    Crim. Code, 304, title 1, sec. 384.
    1 Rev. Stat., 563, 140.
    Acts 1863–4, 494.
    Constitution of Kentucky, art. 4, sec. 1.
    2 Rev. Stat., 563.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT :

The 5th section of an " act to amend the charter of the
city of Paducah," approved February 22, 1864, provides,
that " the jurisdiction of the city court of said city is so
extended as to embrace all cases of misdemeanors occur-
ring in said city, either under the ordinances or laws of
said city or under the laws of this State, where the fine.
does not exceed five hundred dollars and twelve months'·
imprisonment—one or both—said jurisdiction to be con-·
current with the circuit court of McCracken county.   The
proceeding shall be by warrant of arrest issued by the
clerk of said city court, upon oath, or upon information
of the mayor, marshal, or councilman, city judge, city
attorney, or other officer of said city, and said warrant
shall be executed by the marshal or his deputy."

Assuming to have jurisdiction under the above section,
the police judge of said city issued his warrant for the
arrest of the appellants, and to bring them before him
" to be dealt with according to law," upon the charge of

their being guilty of the offense of gaming "by setting up and keeping a faro bank, gaming tables, or other contrivance used in betting, whereby money or other thing or property was bet, won, and lost."

On the trial of the case, a jury was empanneled, who rendered their verdict that the defendants were jointly guilty as charged in the warrant, and assessed their fine at five hundred dollars, and the court entered a judgment accordingly, from which the defendants appealed to the McCracken circuit court.

On appearing in the circuit court, the appellants moved the court to dismiss the cause for want of jurisdiction in the inferior court, which motion was overruled, and, after some irregular proceedings, which were set aside, the law and facts were, by agreement, submitted to the court, which rendered a judgment against the appellants for five hundred dollars and costs; and from that judgment they have appealed to this court.

Succeeding the judgment and order showing that appellants prayed their appeal to this court, the record contains the following agreement: "It is agreed by the parties that no advantage is to be taken by the defendants on account of the judgment being joint instead of several. The defendants agree to rely in the court of appeals only on the want of jurisdiction in the city court, and the fact of there being no indictment of a grand jury."

The question of jurisdiction in the city court involves the judicial construction of the *6th section of chapter* 42 *of the Revised Statutes (Stanton's edition, vol.* 1, *page* 563), which provides as follows:

"Whoever shall set up, exhibit, or keep for himself or another, or procure to be set up, exhibited, or kept, any *faro bank*, gaming table, machine, or contrivance

used in betting, or other game of chance, whereby money or other thing is or may be won or lost, shall be fined five hundred dollars and costs, and imprisoned till the same are paid, or imprisoned not more than one year, or both so fined and imprisoned; shall be deemed infamous after conviction, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust, or profit."

It seems to us the fifth section of the charter, which we have quoted, properly construed, restricts the jurisdiction of the city court thereby conferred to cases of misdemeanor for which, by the general law, the entire punishing does not exceed a fine of five hundred dollars and twelve months' imprisonment; and if, therefore, the fine, imprisonment, and other punishment demanded by *section* 6, *of chapter* 42, *of the Revised Statutes*, exceed a fine of five hundred dollars and twelve months' imprisonment, it results that the city court had no jurisdiction in this case.

The question is not simply whether the punishment imposed exceeds that to which the city court is restricted by the charter, but whether the case is one for which a greater punishment is provided by the general law. What then is the extent of the punishment provided by the general law?

It not only denounces the fine of five hundred dollars and twelve months' imprisonment, but goes further, and provides that the offender, after conviction, shall be deemed infamous, and be forever thereafter disqualified from exercising the right of suffrage, and from holding any office of honor, trust, or profit. And this disfranchisement, disqualification, and infamy, follow a

VOL. II—38

judgment of conviction and attach to it as its legal consequences and effects.

We are therefore of opinion that said city court had no jurisdiction of the offense with which the appellants were charged, and that the judgment of the circuit court is erroneous, and should be reversed.

Wherefore, the judgment is reversed, and cause remanded, with directions to dismiss the proceeding for want of jurisdiction in the city court, where it originated.